IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT LEE GOULD, and<br>EVELYN KNIGHT GOULD,<br><br>Plaintiffs,<br><br>v.<br><br>FANNY MAE MORTGAGE, CITI<br>MORTGAGE, JUDGE THOMAS<br>SALADINO, United States Bankruptcy<br>Court, RONALD HUNTER, Attorney<br>for Plaintiffs, WILMINGTON FUND<br>SOCI[E]TY, FSB, DBA Christiana<br>Trust, and TRUSTEE FOR<br>VENTURES TRUST, 2013-I-H-R,<br><br>Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO. 8:15CV453<br><br><br><br><br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Motion to Dismiss (Filing No. 10) submitted by Defendant Judge Thomas Saladino ("Judge Saladino"), and the Motion to Dismiss (Filing No. 12) submitted by Defendants CitiMortgage, Inc. ("CitiMortgage") and Federal National Mortgage Association a/k/a Fanny Mae Mortgage ("FNMA"). Plaintiffs Robert Lee Gould and Evelyn Knight Gould (the "Goulds") have not responded to the Motions. For the reasons discussed below, the Motions will be granted and the Goulds' Amended Complaint will be dismissed, without prejudice, as to Judge Saladino, CitiMortgage, and FNMA.

**FACTUAL AND PROCEDURAL HISTORY**

The Goulds, who are proceeding pro se, initiated this action on December 15, 2015. In their Amended Complaint (Filing No. 5) they allege that their home in Omaha,

1

Nebraska, was subjected to a mortgage foreclosure when it should have been protected by an automatic stay in bankruptcy proceedings. The Goulds also contend that they should have been offered the opportunity to purchase the mortgage. (*Id.* at ECF p. 6.) They allege that their former lawyer, Defendant Ronald Hunter ("Hunter"), conspired with Judge Saladino, Chief Judge of the United States Bankruptcy Court for the District of Nebraska, and Edward Brink ("Brink"), attorney for CitiMortgage, to effect the foreclosure. (*Id.*) Goulds further allege that Hunter received compensation through the bankruptcy proceedings that he did not "deserve." (*Id.*) The Goulds contend that they suffered stress and mental anguish (*id.* at ECF p. 7), and they seek $4.25 million in compensatory damages and $10 million in punitive damages (*id.* at ECF p. 8).

On February 22, 2016, six blank summons forms were provided to the Goulds by the Clerk of the U.S. District Court. On May 24, 2016, Magistrate Judge F.A. Gossett gave the Goulds until June 17, 2016, to file proof of service on the Defendants, or show cause why the action should not be dismissed for failure to prosecute. (See Filings No. 7-8.) On June 17, 2016, the Goulds filed certain documents with the Court, purporting to have effected service of process on Defendants Wilmington Fund Society ("Wilmington"), Hunter, Trustee for Ventures Trust ("Ventures"), CitiMortgage, and FNMA. (Response to Order to Show Cause, Filing No. 9.) No service of summons was effected on Judge Saladino, nor on the Attorney General of the United States or the United States Attorney for the District of Nebraska on Judge Saladino's behalf. The summons that Goulds purport to have served on CitiMortgage and FNMA was delivered to Brink's law firm that was retained by CitiMortgage and FNMA to initiate and perfect

2

the foreclosure action. (See Filing No. 9 at 1-4; and Affidavit of Edward Brink, Esq. ("Brink Aff.") Filing No. 13 at 5-6.)

Saladino has moved to dismiss the Gould's action against him due to lack of service of process, citing Fed. R. Civ. P. 12(b)(2), 12(b)(5), and 4(i). CitiMortgage and FNMA have moved to dismiss the action due to inadequate service of process, citing Fed. R. Civ. P. 4(h), and 12(b)(2).

## DISCUSSION

### Judge Saladino

Judge Saladino was sued by the Goulds in his official capacity. See Filing No. 5 at 2. Fed. R. Civ. P. 4(i)(2) provides that service of summons on a federal officer or employee sued in the official capacity must be effected by service on the United States in compliance with Fed. R. Civ. P. 4(i)(1) and the mailing of a copy of the summons and complaint to the officer or employee by registered or certified mail.

Fed. R. Civ. P. 4(m) provides in pertinent part: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

The Goulds did not effect service on the United States in compliance with Fed. R. Civ. P. 4(i)(1), which essentially requires delivery of a copy of the summons and complaint to the United States attorney for the district where the action is brought and the mailing of a copy of the summons and complaint to the Attorney General by registered or certified mail. The Goulds' Response (Filing No. 9) to the Magistrate

Judge's Order to Show Cause does not suggest any attempt to effect service on the United States or Judge Saladino, and the Goulds have shown no good cause for their failure to effect service of process with respect to Judge Saladino within 90 days of the filing of the Amended Complaint, or within the extended time provided in the Magistrate Judge's Order of May 24, 2016.  Accordingly, the Court will dismiss the Goulds' action against Judge Saladino, without prejudice, pursuant to Fed. R. Civ. P. 4(m).

**CitiMortgage and FNMA**

CitiMortgage is a corporation, and FNMA is an association, that must be served with summons in accordance with Fed. R. Civ. P. 4(h).  Rule 4(h)(1)(A) permits service of process in accordance with Rule 4(e)(1), "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Rule 4(h)(1)(B) permits service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"  Rule 4(h) does not permit service on a lawyer who is not "an officer, a managing or general agent, or . . . authorized by appointment or law to receive service of process."

Brink is not an employee of CitiMortgage or FNMA, nor does he hold any position of decision-making authority with either entity, nor is he an agent authorized to receive service on behalf of either entity. (Brink Aff. at ¶¶ 3-4.)  Assuming that the Goulds delivered a copy of the summons and Amended Complaint to Brink at his residence or usual place of abode; and mailed copies of the documents to him by certified or registered mail; and that he received the documents on or about February

4

22, 2016, as the Goulds suggest in Filing No. 9 at 1-4; such service is not effective as to CitiMortgage or FNMA.

The Goulds have shown no good cause for their failure to effect service of process with respect to CitiMortgage and FNMA within 90 days of the filing of the Amended Complaint, or within the extended time provided in the Magistrate Judge's Order of May 24, 2016.  Accordingly, the Court will dismiss the Goulds' action against CitiMortgage and FNMA, without prejudice, pursuant to Fed. R. Civ. P. 4(m).

IT IS ORDERED:

1. Defendant Judge Thomas Saladino's Motion to Dismiss (Filing No. 10) is granted;

2. Defendants CitiMortgage, Inc.'s and Federal National Mortgage Association's Motion to Dismiss (Filing No. 12) is granted;

3. The Plaintiffs' action is dismissed as to Defendants Judge Thomas Saladino, CitiMortgage, Inc., and Federal National Mortgage Association, without prejudice; and

4. The Clerk will remove the names of Defendants Judge Thomas Saladino, CitiMortgage, Inc., and Federal National Mortgage Association from the caption of this case.

DATED this 20th day of September, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge